IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KENNECIA WILLIAMS,                          §
                                            §
            Plaintiff,                      §
                                            §
V.                                          §        No. 3:26-cv-1120-N-BN
                                            §
DESOTO INDEPENDENT SCHOOL                   §
DISTRICT, ET AL.,                           §
                                            §
            Defendants.                     §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

After *pro se* Plaintiff Kennecia Williams responded to a motion to dismiss in

state court, *see* Dkt. No. 1-1 at 50-53, Defendants DeSoto Independent School District,

Shauntai Hicks, and Keishla Coleman removed this lawsuit under 28 U.S.C. §§ 1331,

1441, and 1446, *see* Dkt. No. 1.

Senior United States District Judge David C. Godbey then referred the

removed action to the undersigned United States magistrate judge for pretrial

management under 28 U.S.C. § 636(b) and a standing order of reference.

And, after reviewing the notice of removal and the attached state court record,

the undersigned recommends that the Court remand this lawsuit to the state court

from which it was removed because Defendants have not shown that there was

federal subject-matter jurisdiction at the time of removal. *Compare St. Paul*

*Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of

establishing subject matter jurisdiction in federal court rests on the party seeking to

invoke it." (cleaned up)), *with Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84

(1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

## Discussion

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a).

But the federal courts' jurisdiction is limited, so they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331 & 1332.

Applicable to Defendants' basis for removal, subject-matter jurisdiction under Section 1331 typically "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)).

And that well-pleaded federal question must appear on the face of the complaint at the time of removal. *See Turner v. GoAuto Ins. Co.*, 33 F.4th 214, 215 (5th Cir. 2022) (per curiam) ("When a case is removed from state court to federal court and the plaintiff seeks to have the case remanded, we evaluate the complaint at the time of removal." (citing *Bonin v. Sabine River Auth. of La.*, 961 F.3d 381, 385 (5th Cir. 2020))).

Section 1331, as an "independent basis of subject matter jurisdiction," then

allows for supplemental jurisdiction under 28 U.S.C. § 1367 for purely state law claims. *Atkins v. Propst*, No. 22-10609, 2023 WL 2658852, at *2 (5th Cir. Mar. 28, 2023) (per curiam) (citing *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214 (5th Cir. 2012)).

In the notice of removal, Defendants assert that, while it was not clear from the petition that Williams filed in state court that a federal question existed, she then clarified, through her response to a motion to dismiss, that her claim that Defendants violated her parental rights is a pleaded violation of a federal statute – the Family Education Rights and Privacy Act ("FERPA") – and, so, this lawsuit became removable under 28 U.S.C. § 1446(b)(3). *See* Dkt. No. 1, ¶¶ 6-18.

Whether subject-matter jurisdiction existed at time of removal therefore turns on the intersection of other-paper removals and the well-pleaded complaint rule.

Under Section 1446(b)(3), "where the original complaint is not initially removable, a defendant may later remove the case to federal court after receipt of 'an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'" *Nieto v. Lantana Cmty. Ass'n, Inc.*, No. 4:19-CV-00239, 2019 WL 3502794, at *5 (E.D. Tex. Aug. 1, 2019).

> Generally, when courts look to "other paper" to ascertain removability, courts are clarifying that diversity jurisdiction has been established. In these diversity cases, a plaintiff will typically bring a state-law claim against a diverse party in state court but will not allege an amount in controversy in the complaint. Then, some "other paper" will enable the defendant to ascertain the amount in controversy, establishing federal diversity jurisdiction under 28 U.S.C. § 1332. In these cases, the other paper provides new information – not contained in the complaint – that

enables the defendant to ascertain that the case is one which is or has become removable under § 1446(b)(3). When the defendant receives this other paper, the 30-day removal clock begins.

*Id.* (cleaned up).

But, again, Defendants did not remove this case based on diversity, so whether subject-matter jurisdiction existed at the time of removal turns on the existence of a well-pleaded complaint that establishes some substantial, disputed question of federal law.

And, "for removal based on 'other paper' to be proper and consistent with the well-pleaded complaint rule, the 'other paper' cannot be used to interject a new federal claim, but instead must be used to clarify that the plaintiff's existing claims are federal in nature." *Strikes for Kids v. Nat'l Football League*, No. 3:17-cv-18-B, 2017 WL 2265534, at *3 (N.D. Tex. May 24, 2017) (citing *Eggert v. Britton*, 223 F. App'x 394, 397-98 (5th Cir. 2007) (per curiam)); *accord Nieto*, 2019 WL 3502794, at *5 ("Due to the well-pleaded complaint rule, the § 1446(b)(3) analysis is different when courts look to 'other paper' to clarify whether federal question jurisdiction has been established. [Because] the well-pleaded complaint rule provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Therefore, other paper providing new information – not contained in the complaint – cannot enable a defendant to ascertain that the case is one which is or has become removable for the purposes of establishing federal question jurisdiction under § 1331, because the new information is not found on the face of the plaintiff's well-pleaded complaint." (cleaned up)).

In *Eggert*, a panel of the United States Court of Appeals for the Fifth Circuit

-4-

opened its discussion of this issue by observing that only "[u]nder limited circumstances" have courts "looked to 'other paper' to establish federal question jurisdiction, such as to clarify that a plaintiff's state law claim is one that would be preempted by federal law." 223 F. App'x at 397 (citing *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 468-69 (6th Cir. 2002)); *see also Leday v. CarMax Bus. Servs., LLC*, No.: 4:24-CV-1804, 2024 WL 3626511, at *3 (S.D. Tex. July 1, 2024) ("Unlike removal in diversity cases based on 'other paper,' removal asserting federal question jurisdiction based on 'other paper,' most often occurs when the 'other paper' establishes that plaintiff's state law claim is preempted by federal law." (citation omitted)), *rec. adopted*, 2024 WL 3628047 (S.D. Tex. July 31, 2024).

And – if "other paper" Section 1331 removals exist outside the pre-emption context – a plaintiff's "other paper" citing a federal statute or a federal regulation – without more – cannot clarify that a federal question exists at the time of removal:

> In *Eggert*, the Fifth Circuit held that the plaintiff's cursory reference to federal law in an interrogatory response was not sufficient for removal based on federal question jurisdiction because the plaintiff's state court petition unambiguously alleged only state law claims. *Eggert* held that, where the putative federal-law claim does "not appear in the pleadings," and where the references to federal law in the "other paper" do not "clarify any possible federal nature of the claims made in the pleadings," removal on the basis of statements in "other paper" is "inconsistent with the well-pleaded complaint rule and the intent of § 1446(b)." In other words, federal courts may rely on the "other paper" doctrine to ascertain federal question jurisdiction "only to clarify the ambiguous nature of an existing claim." There is not "a single case where a federal court has used the 'order or other paper' rule to inject a federal question into a complaint that alleges strictly state law based claims."

*Ngo v. PM/CTS, LLC*, No. 4:15-CV-1644, 2015 WL 5458598, at *3 (S.D. Tex. Sept. 15, 2015) (citations omitted) (concluding there that, "[b]ecause a district court may

base federal question jurisdiction on 'other paper' only if a complaint is ambiguous as to whether the plaintiff's claims arise under state or federal law, it is clear that Plaintiff's references to Title VII in the discovery filings do not create federal question jurisdiction").

This aspect of *Eggert* is also consistent with the requirement that subject-matter jurisdiction under Section 1331 must be based on a claim that is more than frivolous or insubstantial. *See, e.g., Leday*, 2024 WL 3626511, at *4 (discussing *Eggert*, *Ngo*, and *Trotter v. Steadman Motors, Inc.*, 47 F. Supp. 2d 791, 793 (S.D. Miss. 1999) ("discussed with approval in *Eggert*"), in connection with the requirement that the "other paper" must support a federal claim that is "cognizable" and not "nonsensical"); *see also Biegon v. City of Dall.*, No. 3:21-cv-2006-C-BN, 2021 WL 4897660, at *3 (N.D. Tex. Sept. 30, 2021) ("In sum, Biegon has not shown that the allegations in a well-pleaded complaint established that federal jurisdiction existed at the time of removal, which requires that the Court *sua sponte* remand his case to state court."), *rec. accepted*, 2021 WL 4894267 (N.D. Tex. Oct. 20, 2021); *cf. Copeland v. E\*Trade Cap. Mgmt., L.L.C.*, No. 24-10658, 2025 WL 66732, at *2 (5th Cir. Jan. 10, 2025) (per curiam) ("[W]hen a federal claim appears on the face of the complaint, dismissal for lack of subject matter jurisdiction is only proper in the case of a frivolous or insubstantial claim, i.e., a claim which has no plausible foundation or which is clearly foreclosed by a prior [United States] Supreme Court decision." (cleaned up; quoting *Young v. Hosemann*, 598 F.3d 184, 188 (5th Cir. 2010) (quoting *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 344 (5th Cir. 1977)))).

As to Williams's claimed parental rights violation, she pleaded "Violation of Parental Rights (Texas Education Code)." Dkt. No. 1-1 at 9.

And that she then argues in the response that her request for educational records "is protected under [FERPA]" and that the "refusal to provide the records, escalation to law enforcement, and delay in releasing the records for several months violated [her] rights under federal law" – presumably FERPA – does not amend her pleaded claim under the Texas Education Code, since "a claim for relief" must be made through a pleading, FED. R. CIV. P. 8(a), and a response to a motion is not among the "pleadings [that] are allowed" under the Federal Rules of Civil Procedure, FED. R. CIV. P. 7(a).

And, while the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court," FED. R. CIV. P. 81(c)(1), this result would be the same under Texas law, *see, e.g.*, *Rockman v. Ob Hospitalist Grp., Inc.*, No. 01-21-00383-CV, 2023 WL 3311548, at *7 (Tex. App. – Houston [1st Dist.] May 9, 2023) ("We note that other Texas courts have concluded that neither a TCPA motion nor a response to a TCPA motion are considered pleadings when determining whether a legal action should be dismissed under the TCPA." (collecting cases)).

And, so, it's not correct to argue that, "[a]lthough Williams' original pleading suggested that her 'Violation of Parental Rights' claim arose under the Texas Education Code, Williams's most recent ***pleading*** in the State Court Lawsuit now clarifies that her claim is based, at least in part, on FERPA and is explicitly asserting that Defendants have violated her rights under FERPA, a federal law." Dkt. No. 1, ¶

-7-

8 (emphasis added).

In any event, Williams's references to FERPA or federal law in that response do not clarify her parental rights claim explicitly pleaded under the Texas Education Code.

First, while other paper may never support removal by "inject[ing] a federal question into a complaint that alleges strictly state law based claims," *Ngo*, 2015 WL 5458598, at *3, it's not clear that Williams's response even intends to interject – much less clarify that she is bringing – a claim under FERPA, especially since it's well-established that a plaintiff "has no private right of action to enforce FERPA," *e.g.*, *Hundall v. Univ. of Tex. at El Paso*, EP-13-CV-00365-DCG, 2014 WL 12496895 (W.D. Tex. Feb. 21, 2014) (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 276, 287 (2002); citations omitted). And, so, Defendants essentially argue that this case is removable based on a frivolous or insubstantial federal claim, one that "is clearly foreclosed by a prior Supreme Court decision." *Bell*, 549 F.2d at 344; *see, e.g.*, *Leday*, 2024 WL 3626511, at *4.

Nor does it seem that Williams can clarify a possibly viable claim pleaded under the Texas Education Code through the references to FERPA, under which relief is foreclosed. *Cf. Brown ex rel. R.B. v. Splendora Indep. Sch. Dist.*, No. 4:24-cv-4895, 2025 WL 1261108, at *2 (S.D. Tex. Apr. 30, 2025) (observing in the context of a request for injunctive relief that, while the "FERPA claim based on 20 U.S.C. § 1232g (*i.e.*, Defendants allegedly denied Plaintiff's right to inspect R.B.'s inspection records) fails because the Supreme Court of the United States has unequivocally held that §

-8-

1232g does not create private causes of action, even under § 1983," "the Texas Education Code does provide parents with a right to access certain information" (citations omitted)).

In sum, Defendants have not explained how these references clarify a pleaded allegation, much less shown – as may be required, considering *Eggert* – that the references to federal law pre-empt a pleaded state-law claim.

So this lawsuit should be *sua sponte* remanded to state court for lack of subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *accord Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991).

## Recommendation

The Court, on its own motion, should remand this lawsuit to the state court from which it was removed because there was not federal subject-matter jurisdiction at the time of removal.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 10, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE